## ABRAHAM LAYTON *v*. J. H. DAVIDSON.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1891—Decided October 5, 1891.

(a) There was due to the contractor for the building of a church $145. The contractor owed the plaintiff $106.70, for work as a mechanic.

Statement of Facts.

One of the building committee obtained from the plaintiff an order on the contractor for the amount of the plaintiff's claim, promising to pay the latter that amount in cash:

1. The committee having obtained credit for the amount of the order with the contractor, who charged said amount to the plaintiff, the payee of the order could not refuse to account to the plaintiff for the credit received, on the ground that leaks had been discovered which the contractor was bound to repair.

2. Wherefore, in an action by the plaintiff against the payee of the order, to recover the amount thereof, it was error to order a nonsuit for the reason that, as the balance due the contractor was in the committee's hands until the leaks were repaired, which had not been done, the money was not yet payable.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 385 January Term 1891, Sup. Ct.; court below, No. 347 June Term 1888, C. P.

On June 4, 1888, an appeal was entered from the judgment of a justice of the peace for $108.83, in favor of Abraham Layton against John H. Davidson. Issue.

At the trial, on September 11, 1890, the plaintiff testified that he was a carpenter, and did work for W. S. Strickler, the contractor for the building of a church at Perryopolis, completed in the fall of 1887. The plaintiff testified:

"I had a balance due from Mr. Strickler of $106.70. Mr. Elwell, one of the building committee of this church, spoke to me about getting an order; he said it was too much money to have any trouble about; to get an order and they would give me a due-bill or something or another, and pay it off in a month or such a matter, something like that. I didn't get the order right at that time; it was in November, 1887. . . . . Q. State whether this is the order that was given in pursuance of that statement. A. Yes, sir, this is the order that I took to Dr. Davidson. I wrote the order myself at home, then took it to Davidson; he said the order was all right, that they owed Strickler $145, and they would pay me, not Strickler. I asked him if he thought the order would be good if Strickler would accept it, he said: 'We'll [he'll] accept it; we've got the money, we'll pay you, not him.' I left the order there. I didn't see Mr. Strickler until after he had accepted it. I left

it with Dr. Davidson at that time. I afterwards called on Davidson for this money, and he allowed the church leaked and he wouldn't take it; he also said if anything happened the church, if it burned down, I would never get anything. This was something over a month after I left the order with him. Davidson had kept the order during all that time; he has never paid any part of it. I didn't go to Mr. Strickler in regard to it at all afterwards. I never collected any of this money from him after the order. I did see Mr. Strickler's book afterwards; the order was for the whole amount that Strickler owed me at that time."

The order was as follows:

"Perryopolis, Jany. 23d, 1888. W. S. Strickler please pay to J. H. Davidson one hundred and six dollars and seventy cents, ($106.70) in full of my account and oblige,

" Abraham Layton."

[Indorsed]
"Accepted Jany. 26, 1888.

" W. S. Strickler."

W. S. Strickler testified that the order was presented to the witness on the day of its date; that the witness credited it to the building committee and charged it to the account of the plaintiff, and that the witness had never paid to the plaintiff any part of said amount.

At the close of the plaintiff's case, the court, Ewing, J., on motion of defendant's counsel entered a judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be taken off having been argued, the court, Ewing, J., without further opinion filed, entered the following order:

And now, March 2, 1891, this matter having been argued by counsel and duly considered, and an examination of the testimony showing that the only promise made by the defendant was to "pay the plaintiff, and not Strickler," and that the fund out of which payment was to be made was held by the church committee, with Strickler's consent, until the contract should be fulfilled by repairing some leaks, and that such repairs have not yet been made, it follows that the money is not yet payable; and therefore, it is hereby ordered and directed that the motion to take off the nonsuit entered in this case be overruled and denied; exception.

Opinion of the Court.

—Thereupon, the plaintiff took this appeal and assigned the said order for error.

Mr. *Edward Campbell*, for the appellant.

Counsel cited: (1) Eichbaum v. Irons, 6 W. & S. 68; Quigley v. DeHaas, 82 Pa. 267; Ulam v. Boyd, 87 Pa. 477; Tassey v. Church, 4 W. & S. 346.   (2) Pooley v. Goodwin, 4 Ad. & E. 94; Cunningham v. Garvin, 10 Pa. 366, 369.   (3) Hind v. Holdship, 2 W. 104; Mercer v. Lancaster, 5 Pa. 160; Jersel v. Insurance Co., 3 Hill 88; Clark v. Herring, 5 Binn. 33; Smith on Cont., 176, 177; Westmoreland Bank v. Klingensmith, 7 W. 523; Parker v. Urie, 21 Pa. 305; Shoenberger v. Zook, 34 Pa. 24; Harlan v. Harlan, 20 Pa. 303.   (4) Wynn v. Wood, 97 Pa. 216.

Mr. *R. E. Umbel* (with him Mr. *S. L. Mestrezat*), for the appellee.

Counsel cited: Shorb v. Shultz, 43 Pa. 207; Hoffman v. McDermond, 1 Pittsb. 197; Murphy's Est., 11 Phila. 2; Stokes's Est., 9 W. N. 439; Reading R. Co. v. Johnson, 7 W. & S. 317; Bittenbender v. Railroad Co., 40 Pa. 269; act of April 26, 1855, P. L. 308; Stoudt v. Hine, 45 Pa. 30; Maule v. Bucknell, 50 Pa. 52; Shoemaker v. King, 40 Pa. 110; Townsend v. Long, 77 Pa. 143.

OPINION, MR. JUSTICE WILLIAMS:

The material facts in this case are few, and are not in controversy. Davidson was one of a committee engaged in securing the erection of a church edifice at Perryopolis, Fayette county. Strickler was the contractor for the work. Layton was a mechanic employed by Strickler. When the building was finished, the sum of $145 was due to Strickler on his contract, and he owed Layton $106.70 for work. Davidson went to Layton, and said to him, if he would make out an order on Strickler for the amount due him, he (Davidson) would use the order in making payment to Strickler, and the money should be paid over to Layton. An order was accordingly drawn on Strickler for $106.70 in favor of Davidson. It was taken by him to Strickler, who accepted it in writing, charged the amount of it to Layton, and credited the committee with it. A month later,

when Layton called on Davidson for the money, he declined to pay it, giving as a reason that there was a leak in the roof which Strickler must fix before he would pay it. This action was then brought, and the facts shown as we have stated them. The court below, at the close of the plaintiff's case, entered a compulsory nonsuit, and our question is whether the evidence was sufficient to carry the case to the jury.

The motion for a nonsuit was, in effect, a demurrer to the evidence. It was an admission of its truth, and a denial of its legal effect. The admitted facts are that the committee owed their contractor, Strickler, and that Strickler owed his workman, Layton. Davidson, one of the committee, procured Layton's order on Strickler in favor of his committee, promising to pay the amount thereof in cash. He used the order, obtained credit for the amount on the books of Strickler, extinguishing thereby his claim for compensation to that amount, and yet refused to account to Layton on the ground that there was a leak in the roof which Strickler was bound to repair.

It may be that the entire balance of $145, due Strickler on his contract, will be required to stop the leak and finish the roof; but, on the other hand, it may be that after Layton is paid there will still be enough due to Strickler, and more than enough, to do this work. The evidence presented in the paper-books does not inform us, and we do not see how the learned judge of the court below could determine, as matter of law, that nothing was due from the committee. He said, as a reason for entering the nonsuit, that as the committee held the amount in their hands until the roof should be repaired, with Strickler's consent, and as the roof was not repaired, therefore "it follows that the money is not yet payable, and therefore, it is hereby ordered and directed that the motion to take off the nonsuit be denied." But the order was presented by Davidson, and a credit obtained for the amount of it. The balance of about forty dollars, still due to Strickler, is all that he is in a position to control, so far as the evidence informs us, and that sum may be an ample provision for all needed repairs. If it is not, or there is any reason why the amount of the order is not honestly due, the burden of showing it is on him who alleges it.

> The judgment is reversed, and a procedendo awarded.